## 9599

### ELLIS v. JENKINS.

#### (91 S. E. 306.)

A<small>PPEAL AND</small> E<small>RROR</small>—R<small>EVIEW</small>—V<small>ERDICT</small>.—Where there was evidence sufficient to support the finding of Circuit Court, reversing on appeal, a judgment of a magistrate, the determination will not be disturbed because it might have been better had the Circuit Court in exercise of its discretion recommitted the case to the magistrate for a clearer statement of the issues.

Before R<small>ICE</small>, J., Gaffney, March, 1916.    Affirmed.

Action by R. C. Ellis against James L. Jenkins. From order of Circuit Court reversing judgment in magistrate's Court, plaintiff appeals.

*Mr. N. W. Hardin,* for appellant, cites: *As to liens on crops:* Civil Code, sec. 4164; 96 S. C. 313. *Conversion of cotton:* Civil Code, sec. 3542; 70 S. C. 487; 96 S. C. 313; 102 S. C. 508. *Remedy of creditor:* 3 Pom. Eq. Juris., sec. 1414; 24 S. C. 533 and 534; 18 S. C. 431; 1 Story Eq. Juris., sec. 633; 3 Rich. L. 132. *Duty of paramount creditor:* 100 S. C. 6; 14 A. & E. Enc. of L. 698. *Power of Court on appeal:* Code Civ. Proc., sec. 407, subd. 5; 80 S. C. 524.

*Mr. G. W. Speer,* for respondent, cites: *As landlord's lien:* Code Civ. Proc., sec. 4162. *Duty of Court on appeal:* 87 S. E. 639. *Record as notice:* 85 S. E. 900. *Insufficiency of evidence:* 75 S. E. 370; 85 S. E. 238. *Findings in law cases:* 73 S. C. 189; 75 S. E. 696; 76 S. E. 32 and 117; 71 S. E. 1009; 73 S. E. 340. *Subsequent creditors:* Civil Code, sec. 3542; 102 S. C. 508. *Two fund doctrine not applicable:* 88 S. E. 380.

February 9, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of his Honor, Judge Rice, reversing a judgment in magistrate's Court and giving judgment for the defendant. The plaintiff brought his action in magistrate's Court, claiming he had a mortgage over the crop of a subtenant on defendant's land for advances, and that defendant had collected cotton in excess of his rent which should be applied to plaintiff's mortgage, and refused to pay over the same. The evidence in the case reported as taken before the magistrate is vague, meager, and unsatisfactory. It is admitted that the landlord, Jenkins, the defendant herein, rented his place to Cloniger for 7 bales of cotton, each to weigh 500 pounds, and Cloniger sublet part of the place to Curry for 1,000 pounds lint cotton. The plaintiff contends that the defendant received 14 bales of cotton instead of 7, and defendant denies that he received any cotton in excess of his rent. It might have been better if his Honor in the exercise of his power had recommitted the case to the magistrate to have clarified this issue, and had it made clear just how much cotton was made and turned over to and received by the landlord, but his Honor did not see fit to do so, and we cannot say that it was erroneous on his part. He had enough before him to determine this issue, and by his order he decided in favor of the defendant and adverse to the contention of the plaintiff, and his finding has sufficient evidence to sustain it.

Exceptions overruled, and judgment affirmed.